# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TIMBER VIEW PROPERTIES, INC.,**

    **Plaintiff,**

  v.                                                    Case No.: 2:15-cv-2855
                                                        **JUDGE SMITH**
                                                        **Magistrate Judge Kemp**

**M&T PROPERTY INVESTMENTS LTD,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Objections of Plaintiff Timber View Properties, Inc. (Doc. 41) to the Magistrate Judge's June 28, 2016 Second Report and Recommendation ("Second R&R") (Doc. 38) that the Motion to Intervene of Karry Gemmell (Doc. 12) be granted. Additionally pending are a Motion for Leave to Appear as Counsel for the Receiver by Matthew Kunsman (Doc. 15), a Motion for an Extension of Time by Receiver David A. Skrobot (Doc. 16) and a Motion to Stay Recommitment Determination and Request for Hearing by Receiver Skrobot (Doc. 34). The objections and motions are fully briefed and ripe for review. For the reasons that follow, Plaintiff's objections are **OVERRULED** and the Motion to Intervene is **GRANTED**. Receiver Skrobot's Motion for an Extension of Time and Motion to Stay are **DENIED AS MOOT**. Kunsman's Motion for Leave to Appear is **GRANTED**.

### I. STANDARD OF REVIEW

There is a split within the Sixth Circuit regarding the standard a district court uses when reviewing a magistrate judge's report and recommendation on a motion to intervene. *Compare Washington Mut. Bank v. Chiapetta*, No. 1:07–CV–683, 2011 WL 1743389, *1 (N.D. Ohio May

6, 2011) ("The Court concludes that the denial of a motion to intervene is functionally equivalent to several of the listed motions in 28 U.S .C. § 636(b)(1)(A), and a motion to intervene is dispositive . . . .") *with Oakland Cty. v. Fed. Nat. Mortgage Ass'n*, 276 F.R.D. 491, 493 (E.D. Mich. 2011) ("This Court views a motion to intervene as similar to one for joinder to add parties or to amend to add claims, both of which have been considered non-dispositive by courts in this Circuit."). Out of an abundance of caution, the Court will use the heightened standard of de novo review in Rule 72(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).

Under Rule 72(b)(3), in reviewing objections to a magistrate judge's report and recommendation on a dispositive motion, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Court may "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. DISCUSSION

This matter is now before the Court on Timber View's Objections to the Magistrate Judge's Second R&R. (Doc. 38). As noted in the first Report and Recommendation ("First R&R"), "This case began in this Court as a straightforward mortgage foreclosure action." (Doc. 26, R&R at 1). However, a related state court case and a series of alleged instances of self-dealing by nearly every party affiliated with the cases has since been brought to the Court's attention. The Court adopts the remainder of the Magistrate Judge's Introduction and description of the case background as neither party has objected to its content.

Timber View's objections primarily restate the arguments previously asserted but were raised as four separate objections. The first three objections are really one objection: that Mr.

Gemmell has no direct and substantial interest in the property which permits intervention under Rule 23(a) of the Federal Rules of Civil Procedure. The fourth objection argues that Mr. Gemmell lacks prudential standing.

The Court has reviewed the motion, the objections, and all of the evidence presented by both parties. The Court agrees with the Magistrate Judge's analysis that intervention by right is proper. The Court notes that the standard at this stage is a relaxed one, that the Sixth Circuit takes a permissive approach to Rule 24(c) and has "a rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314–15 (6th Cir. 2005) (internal quotations omitted). At this preliminary stage, the Court finds that the state court granted a receivership to Gemmell to protect his equitable interest in the state court litigation and the Court finds that equitable interest sufficient for intervention in this case. Timber View's repeated claims that there is no lease or business on the property ignores the present facts. Specifically, Mr. Martin affirmed that he attempted to make a rental payment to Mr. Anthony, but Mr. Anthony rejected the payment. Furthermore, the federal receiver's ability to refuse entry to the property and to invalidate leases coupled with the federal receiver's opposition to intervention show that Mr. Gemmell's interest will not be protected by the parties and may be eliminated in this litigation. Last, none of the parties opposing intervention seriously contend that the Motion to Intervene was untimely. Accordingly, the Court finds the Motion timely. The Court **OVERRULES** Timber View's first three objections.

Plaintiff's fourth objection is that Gemmell lacks prudential standing because he is asserting a claim which belongs to a third party. Timber View cites *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573 (6th Cir. 2014), as amended (July 2, 2014), cert. denied

*sub nom. First Am. Title Ins. Co. v. F.D.I.C.*, 135 S. Ct. 2349 (2015), for the proposition that prudential standing is a required precursor to intervention.  However, the case cited by Timber View does not actually concern prudential standing or its effects on a proposed intervenor and is subject to a circuit split between the Sixth Circuit and the D.C. Circuit.  *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 194 (D.C. Cir. 2013)  The D.C. Circuit requires Article III standing before a party can intervene while the Sixth Circuit's liberal intervention standard provides that "a party seeking to intervene need not possess the standing necessary to initiate a lawsuit."  *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991); *but see Deutsche Bank*, 717 F.3d at 194 ("Even if appellants enjoyed Article III standing—which they do not—they would still run afoul of prudential standing requirements, which could be thought similar to the concept embodied in Rule 24 that a proposed intervenor must have an interest "relating to" the property or transaction at issue in the litigation.").  Accordingly, the Court finds that even though Gemmell may not ultimately have standing, the standards for intervention are met in this case. Timber View's Fourth Objection is **OVERRULED**.

As the Magistrate Judge noted, "Whether Mr. Gemmell will ultimately succeed in demonstrating that his interest should have some priority in these foreclosure proceedings, or that it justifies modification of the order appointing the federal receiver, are questions for another day." (Doc. 38, Second R&R at 13).  Additionally, the Court notes that any factual findings at this stage are necessarily preliminary in nature.

### III.  CONCLUSION

Based on the foregoing, the Court **OVERRULES** Timber View's objections to the Second R&R, **ADOPTS** the Second R&R, and **GRANTS** Karry Gemmell's Motion to Intervene.  The Motion for Extension of Time and Motion to Stay by Receiver Skrobot are

**DENIED AS MOOT**.  As there are no objections, the Motion for Leave to appear by Kunsman is **GRANTED**.

The Clerk shall **REMOVE** Documents 12, 15, 16, 34, and 38 from the Court's pending motions list.

**IT IS SO ORDERED.**

       /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**